IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA CUMMINGS**                                                  **PLAINTIFF**
**ADC #172826**

v.                      No: 4:24-cv-00699-JM-PSH

**CUMMINS UNIT, ADC,** *et al.*                            **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Joshua Cummings, an inmate confined at the Arkansas Division of Correction's Cummins Unit, filed this *pro se* 42 U.S.C. § 1983 action on August 15, 2024 (Doc. No. 2). Cummings was granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his claims (Doc. No. 3). He was cautioned that an amended complaint would render his original complaint

without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* Cummings subsequently filed an amended complaint (Doc. No. 5). The Court has screened Cummings' amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se*

plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Cummings alleges that he has received inadequate care for a hernia since his transfer to the Cummins Unit in February 2023. Doc. No. 5 at 4-5. He sues the ADC, the Cummins Unit, Nursing Supervisor Kayla Hargrave, and LPN Nicole Reddick in their official capacities and requests $10 million in damages.[1] *Id.* at 1-2. For the reasons described below, the undersigned finds he fails to describe a viable claim for relief.

### *The ADC and Cummins Unit*

Neither the ADC nor one of its units is an entity subject to suit under § 1983. *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (suits against the States and their agencies are barred by the Eleventh Amendment regardless of the relief sought). Accordingly, Cummings' claims

---

[1] Cummings named Nursing Supervisor Kara Snow in his original complaint but did not list her as a defendant in his amended complaint. The Clerk of Court is therefore directed to terminate Snow as a defendant in this case.

against the ADC and the Cummins Unit should be dismissed for failure to state a claim upon which relief may be granted.

### *Medical Providers Hargrave and Reddick*

Cummings sues medical providers Hargrave and Reddick and states that they work at the Cummins Unit infirmary. Doc. No. 5 at 1-2. The Court takes judicial notice that Wellpath, LLC, a private medical care company, is contracted to provide medical care at the ADC. Accordingly, Hargrave and Reddick appear to be employees of Wellpath. Medical companies who contract to provide medical care for incarcerated persons are state actors acting under color of state law for the purposes of § 1983. *Davis v. Buchanan County, Missouri*, 11 F.4th 604, 617 (8th Cir. 2021); *see also West v. Atkins*, 487 U.S. 42, 57, (1988) (because the provision of medical services to inmates is "state action fairly attributable to the State," medical personnel acts "under color of state law for purposes of § 1983."); *Montano v. Hedgepeth*, 120 F.3d 844, 849–50 (8th Cir. 1997) ("physicians working in state prisons, who help to fulfill the state's Eighth Amendment obligation to inmates and who typically are the only health professionals available to care for incarcerated persons, are persons who may fairly be said to be state actors.").

Cummings sues Hargrave and Reddick in their official capacities only. *See* Doc. No. 5 at 2. A defendant may be sued in her individual capacity, in her official capacity, or in both. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth

Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.*, 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman*, 152 F.3d at 914. In this case, Cummings has not identified any custom or policy of Wellpath which led to the violation of his constitutional rights. Instead, he alleges that Reddick saw bulging at his last medical visit but did not refer him to a provider, and that Hargrave became aware of his complaints through the grievance process but did not take any action in response. Doc. No. 5 at 4-5. Because Cummings sues Reddick and Hargrave in their official capacities only, but does not allege that Wellpath created and maintained a policy or custom that violated his constitutional rights, his claims against Reddick and Hargrave should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Cummings' complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 8th day of October, 2024.

_____
UNITED STATES MAGISTRATE JUDGE